UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DF-VIMARC CORPORATION,<br><br>    Plaintiff,<br><br>v.<br><br>WACHOVIA BANK, N.A.,<br><br>    Defendant. | Case: 1:08-cv-00725<br><br>The Honorable John D. Bates |

## ANSWER AND COUNTERCLAIM OF DEFENDANT WACHOVIA BANK, N.A.

### ANSWER

Defendant Wachovia Bank, N.A. (the "Bank"), by counsel, responds to the numbered paragraphs of Plaintiff's Complaint (the "Complaint") as follows:

1. The allegations of paragraph 1 are admitted.

2. The allegations of paragraph 2 are admitted.

3. The allegations of paragraph 3 are denied.

4. The allegations of paragraph 4 are admitted.

5. The allegations of paragraph 5 are admitted.

6-13. The allegations of paragraphs 6 through 13 are denied for want of information.

14-15. The allegations of paragraphs 14 and 15 are admitted.

16-18. The allegations of paragraphs 16 through 18 contain argumentative conclusions of law, and all such allegations and conclusions are denied. In addition, all documents referenced in these paragraphs speak for themselves as to their written content.

19-21. The allegations of paragraphs 19 through 21 are denied for want of information.

22-23. The allegations of paragraphs 22 and 23 are denied.

24. The allegations of paragraph 24 are denied for want of information.

25. The allegations of paragraph 25 are denied.

26-28. The allegations of paragraphs 26 through 28 are denied for want of information.

29. The Bank admits the allegation of paragraph 29 that after receiving notice of plaintiff's claim, it opened an investigation. The remaining allegations of paragraph 29 are denied, and the Bank affirmatively alleges that plaintiff, not the Bank, "allowed" Mr. Gray to perpetrate the alleged fraud against plaintiff.

30-33. The allegations of paragraphs 30-33 reference matters of inadmissible evidence which are in conflict and all allegations are accordingly denied, with the exception of the allegation of paragraph 33 that the Bank has not reimbursed plaintiff for any of the alleged "Forged Checks".

## Count I – DC CODE § 28:4-401(a)

34. For response to the allegations of paragraph 34, the Bank incorporates its responses to paragraphs 1-33.

35-42. Each allegation of paragraphs 35 through 42 is denied.

## Count II – Negligence

43. For response to the allegations of paragraph 43, the Bank incorporates its responses to paragraphs 1-42.

44-48. Each allegation of paragraphs 44 through 48 is denied, except that the Bank admits the existence of all duties and rights provided by law and applicable to the relevant factual circumstances established at the trial of this case.

### Count III – Breach of Contract

49. For response to the allegations of paragraph 49, the Bank incorporates its responses to paragraphs 1-48.

50-53. The Bank admits the allegation of paragraph 50 that the relationship of plaintiff and the Bank is governed by the Deposit Agreement, Exhibit A to the Complaint, as well as by applicable DC law, and denies all remaining allegations of paragraphs 50-53.

### Count IV – DC Consumer Protection Procedures Act

54. For response to the allegations of paragraph 54, the Bank incorporates its responses to paragraphs 1-53.

55-60. Each allegation of paragraphs 55 through 60 is denied.

### Count V – Fiduciary Duty

61. For response to the allegations of paragraph 61, the Bank incorporates its responses to paragraphs 1-60.

62-67. Each allegation of paragraphs 62 through 67 is denied.

### AFFIRMATIVE DEFENSES

1. Plaintiff's claims under Count I are barred by the terms of the Deposit Agreement and by the applicable provisions of Articles 3 and 4 of the DC Uniform Commercial Code, §§ 28:3-101, et seq. ("the UCC").

2. Plaintiff's claims under Count II fail to state a claim under DC law because the claims of negligence are pre-empted by the provisions of the UCC applicable to the relationship of a bank and its account customers.

3

3. To the extent the Court determines that a claim of negligence exists, Plaintiff's claims are barred because Plaintiff's own negligence caused or contributed to cause the losses complained of in Count II.

4. Plaintiff's negligence claim under Count II should be dismissed for the additional reasons that the sole cause of Plaintiff's losses was the conduct of Plaintiff's employee acting within the scope of his employment and empowerment by Plaintiff to deal in Plaintiff's checking account. Moreover, Plaintiff was additionally negligent in not instituting internal financial controls and/or implementing procedures for monitoring and reporting to the Bank any improper activity in Plaintiff's account, as required not only by the appropriate standard of care but also by the Deposit Agreement between the parties.

5. Plaintiff's allegations in Count III fail to state a claim under DC law because, although DC law permits the provisions of the governing UCC to be modified by agreement, the contract claim, as a separate claim, is pre-empted by the provisions of the UCC applicable to the relationship of a bank and its account customers.

6. Plaintiff's allegations in Count IV fail to state a claim under DC law because the Consumer Protection Procedures Act (the "CPA") does not, and should not, apply to the relationship of a bank and its checking account customer under the circumstances alleged in this Complaint. Moreover, any claim under the CPA is pre-empted by the provisions of the UCC insofar as the claim relates to the bank and its account customers, a relationship specifically provided for, and governed by, Articles 3 and 4 of the UCC.

7. Plaintiff's allegations in Count V fail to state a claim under DC law because the Bank and its account customer do not have a "fiduciary" relationship, and, as a matter of law, under the circumstances alleged, the Bank cannot breach a fiduciary duty to its customer.

8. The claim in Count V, in the event the Court finds that the claim exists, is pre-empted by Articles 3 and 4 of the UCC, which specifically governs the relationship.

9. Plaintiff's jury demand should be stricken. Plaintiff waived any right to demand a jury in this case in ¶ 47 of the Deposit Agreement, Exhibit A to the Complaint.

10. The Bank reserves the right to assert such other defenses as may be warranted by facts adduced during the continuing investigation of the circumstances of these claims.

WHEREFORE, for the foregoing reasons, Wachovia Bank, N.A., respectfully requests that the Complaint be dismissed and that the Bank be awarded its attorneys' fees and costs incurred herein, as more fully set forth in the following Counterclaim:

## COUNTERCLAIM FOR INDEMNITY

Defendant and now Counterclaimant, Wachovia Bank, N.A. ("the Bank"), by counsel, respectfully prays judgment against Plaintiff and now Counterdefendant, DF-Vimarc Corporation ("DF"), and in support hereof respectfully represents as follows:

1. DF agreed to indemnify and hold the Bank harmless from any and all losses or claims of any kind arising in connection with the services provided under the Deposit Agreement, Exhibit A to DF's Complaint, except losses, claims and expenses (including reasonable attorney's fees and costs) arising out of the Bank's gross negligence or willful misconduct.

2. DF further agreed to indemnify and hold the Bank harmless from any and all losses or claims of any kind arising out of actions taken or omitted in good faith by the Bank in reliance upon instructions from DF.

3. DF alleged various claims in five counts in the Complaint against the Bank, including conclusory allegations in each count that the Bank's actions were "grossly negligent." DF does not, and could not in good faith, allege that the Bank acted with willful misconduct.

4. In the event DF fails to prove with respect to any of the claims that the Bank acted with gross negligence, then the Bank is entitled to be indemnified and held harmless by DF as to all expenses, including reasonable attorney's fees and costs which will have been incurred by the Bank herein, in an amount to be determined at the conclusion of this action.

5. Accordingly, since the Bank did not act with gross negligence in the circumstances alleged in any of the five counts of the Complaint, DF is, and should be, liable to the Bank for all reasonable attorney's fees and costs incurred herein.

WHEREFORE, in consideration of the foregoing, Wachovia Bank, N.A. is entitled to judgment in an amount to be determined at the conclusion of this action, and for such other and additional relief as is meet and just.

WACHOVIA BANK, N.A.

By: /s/ Grady C. Frank, Jr.
Counsel

Grady C. Frank, Jr., D.C. Bar No. 433469
Elizabeth A. Billingsley, D.C. Bar No. 501226
TROUTMAN SANDERS LLP
1660 International Drive, Suite 600
McLean, Virginia 22102
Telephone: (703)734-4334
Facsimile: (703) 734-4340
grady.frank@troutmansanders.com
elizabeth.billingsley@troutmansanders.com
*Counsel for Wachovia Bank, N.A.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of May, 2008, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Marc E. Miller, Esquire
Richard T. Rossier, Esquire
Alex Menendez, Esquire
McLeod, Watkinson & Miller
One Massachusetts Avenue, N.W.
Suite 800
Washington, D.C. 20001
*Counsel for Plaintiff*

/s/Grady C. Frank, Jr.

363408