UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| DF-VIMARC CORPORATION<br>FORMERLY KNOWN<br>AS DF CORPORATION<br><br>*Plaintiff*,<br><br>v.<br><br>WACHOVIA BANK, N.A.,<br><br>*Defendant*. | Case No. 1:08-cv-00725<br>The Honorable John D. Bates |

**Answer and Affirmative Defenses of Plaintiff DF-Vimarc Corporation to Defendant Wachovia Bank N.A.'s Counterclaim for Indemnity**

**Answer**

Plaintiff DF-Vimarc Corporation, by counsel, responds to the numbered paragraphs of Defendant Wachovia Bank, N.A.'s Counterclaim for Indemnity as follows:

1. Paragraph 1 states a conclusion of law to which no response is necessary. To the extent that a response is deemed necessary, Plaintiff denies the allegations in paragraph 1. No response is necessary to Defendant's characterization of the Deposit Agreement, as it speaks for itself.

2. Paragraph 2 states a conclusion of law to which no response is necessary. To the extent that a response is deemed necessary, Plaintiff denies the allegations in paragraph 2. No response is necessary to Defendant's characterization of the Deposit Agreement, as it speaks for itself.

3. Paragraph 3 states a conclusion of law to which no response is necessary. To the extent that a response is deemed necessary, Plaintiff denies the allegations in paragraph 3. No response is necessary to Defendant's characterization of the Complaint and what is stated in the Complaint, as it speaks for itself.

4. Paragraph 4 states a conclusion of law to which no response is necessary. To the extent that a response is deemed necessary, Plaintiff denies the allegations in paragraph 4.

5. Paragraph 5 states a conclusion of law to which no response is necessary. To the extent that a response is deemed necessary, Plaintiff denies the allegations in paragraph 5.

6. Plaintiff denies all remaining allegations not expressly admitted.

### Affirmative Defenses

1. Defendant's allegations fail to state a claim upon which relief may be granted.

2. Defendant's claim is barred by waiver, estoppel and unclean hands.

3. Defendant's claim is barred because Plaintiff has acted with good faith.

4. Defendant's claim is not ripe and is barred as premature because no cause of action for indemnity will accrue until the final determination of this action.

5. Any claim for indemnification is void as it is against public policy.

6. Plaintiff states that it asserts these affirmative defenses based upon information presently available and in order to avoid waiver. Plaintiff reserves the right to withdraw any of these affirmative defenses or to assert additional affirmative defenses as further information becomes available.

WHEREFORE, Plaintiff DF-Vimarc Corporation respectfully requests that Defendant's Counterclaim be dismissed and judgment be entered for the Plaintiff.

Respectfully Submitted,

_____
Marc E. Miller, DC Bar # 948372
Richard T. Rossier, DC Bar # 364649
Alex Menendez, DC Bar # MD023814
McLeod, Watkinson & Miller
One Massachusetts Avenue, N.W., Suite 800
Washington, D.C. 20001
(202) 842-2345

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that the Answer and Affirmative Defenses of Plaintiff DF-Vimarc Corporation to Defendant Wachovia Bank N.A.'s Counterclaim for Indemnity was filed with the Clerk of the Court using the CM/ECF system on this 5th day of June, 2008, and mailed, First-Class, postage prepaid to:

>   Grady C. Frank, Jr.
>   Elizabeth A. Billingsley
>   TROUTMAN SANDERS LLP
>   1660 International Drive, Suite 600
>   McLean, Virginia 22102
>
>   Attorneys for Wachovia Bank, N.A.

_____
Marc E. Miller